IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Michael A. Breyan, #332098, | ) | Case No. 2:17-cv-62-BHH-MGB |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| Classification Employees, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Plaintiff Michael A. Breyan has filed this civil action pursuant to 42 U.S.C. § 1983, against "Classification Employees." (DE# 1). Plaintiff is a state prisoner currently incarcerated at Lieber Correctional Institution located in Ridgeville, South Carolina. He is proceeding *pro se* and *in forma pauperis*. Pursuant to 28 U.S.C. §636(b)(1), and Local Rule 73.02(B)(2) (D.S.C.), the undersigned United States Magistrate Judge is authorized to review the complaint and to submit findings and recommendations to the United States District Judge. Upon careful review, the Magistrate Judge recommends that the Complaint be **summarily dismissed without prejudice**, and without issuance and service of process, for the following reasons:

I. **Screening of *Pro Se* Prisoner Complaints**

Under established local procedure in this judicial district, the Magistrate Judge has carefully reviewed this *pro se* prisoner complaint pursuant to 28 U.S.C. § 1915 and in light of the following precedents: *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); and *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978).

The Prison Litigation Reform Act ("PLRA") permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. 28 U.S.C. § 1915(a)(1). To protect against possible abuses of this privilege, the statute allows the

court to dismiss the case upon finding that the action is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. §1915(e)(2)(B). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). Under 28 U.S.C. §1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte* "at any time." *Neitzke*, 490 U.S. 319. The PLRA also provides for the screening of complaints "in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).

## II.  Liberal Construction

This Court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 5 (1980) (per curiam). The liberal construction afforded *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim, it should do so, but a district court may not rewrite a petition to "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't. of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## III.  Discussion

### A.  The Complaint's Allegations

In his Complaint, Plaintiff alleges that he was classified as a "Class One Escape. From a (Blue Ticket.) From Streetz which is a violation of policy…." (DE# 1 at 4, ¶ II (B)). Plaintiff alleges that he was "placed @ [McCormick] Correction Institution [be]cause of a (class one escape) which my (escape after arrest) which was a (blue ticket) from West Pelzer." (*Id*. at 4-5,

spelling and punctuation as in original). According to Plaintiff, he was not supposed to be on a Level 3 prison yard. (*Id*.). He asserts that this is a violation of prison policy (O.P.22-14 Section 27). (*Id*.). He alleges he was on a Level 3 yard from April 2014 to February 2016. (*Id*. at 6, ¶ IV "Statement of Claim"). Plaintiff indicates he was injured ("swoll (sic) eye and a hole to left side face") on the Level 3 yard in an incident with other inmates and contends that this should not have happened. He indicates he does not remember "who it was or their names." (*Id*. at 7, ¶ V "Injuries"). For relief, Plaintiff demands monetary compensation of "$13,000,000.00, no less $7,500,000.00." (*Id*., ¶ VI "Relief").

### B. Failure to State a Claim for Relief Under § 1983

A civil action under 42 U.S.C. § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd*., 526 U.S. 687, 707 (1999). To state a § 1983 claim, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Although Plaintiff complains of an alleged violation of prison policy, "the fact that Defendants allegedly did not follow SCDC policy does not, in itself, amount to a constitutional violation" for purposes of § 1983. *Dunbar v. Adedokun,* Case No. 2:12–cv–351–MGL–BHH, 2012 WL 6849795, *3 (D.S.C. Nov. 28, 2012), *adopted by* 2013 WL 144937 (D.S.C. Jan. 14, 2013). To the extent Plaintiff seeks to challenge his prison classification, courts have held that an inmate has no constitutional right to any particular security classification in prison. *Hewitt v. Helms*, 459 U.S. 460, 468 (1983); *see also Sandin v. Connor*, 515 U.S. 472, 483–85 (1995) (absent a change in the condition of a prisoner's confinement that "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," an inmate

has no protected liberty interest in his security or custody classification); *see also, e.g., Dunbar*, 2013 WL 144937 at *3 (citing *Brown v. Evatt*, 322 S.C. 189, 470 S.E.2d 848 (S.C.Sp.Ct. May 13, 1996) (affirming dismissal of inmate's § 1983 claim because the actions of state prison officials regarding the inmate's security/custody classification did not violate the inmate's procedural due process rights)). To the extent that Plaintiff's Complaint could possibly be construed as a claim for "failure to protect," *see Farmer v. Brennan*, 511 U.S. 825, 832–33 (1994); U.S. Const. amend. VIII, the Complaint does not identify any particular defendants who are amenable to suit under § 1983.

Plaintiff's Complaint fails to name or identify any individual defendant. Plaintiff generally indicates he wants to sue "Classification Employees." (DE# 1). A plaintiff must identify the person or persons who purportedly violated his rights. The collective term ("Classification Employees") does not name a proper party amenable to suit under 42 U.S.C. § 1983. *See, e.g., Brownlee v. Williams*, Case No. 2:07-cv-78-DCN-RSC, 2007 WL 904800, *2 (D.S.C. Mar. 22, 2007) (summarily dismissing for failure to state a claim where Plaintiff merely named a collective term as defendant); *Ferguson v. Morgan*, 1991 WL 115759, *1 (S.D.N.Y. June 20, 1991) (holding that a collective term did not name a person for purposes of § 1983). Plaintiff's allegation that unspecified defendants violated his rights does not adequately state a § 1983 claim.

For purposes of § 1983, it is well-settled that only "persons" may act under color of state law. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978). Collective descriptive terms are not "persons" subject to suit under 42 U.S.C. 1983. *See Wells v. SCDF Employees*, Case No. 2:10-cv-3011-CMC-BHH, 2011 WL 2472512 (D.S.C. May 19, 2011) (explaining that use of a collective term, such as "Staff," as a name for alleged defendants, without the naming of specific staff members, is not adequate to state a claim against a "person" as required in a § 1983 action),

*adopted by* 2011 WL 2463066 (D.S.C. June 21, 2011); *Barnes v. Baskerville Corr. Center Med. Staff*, Case No. 3:07-cv-195, 2008 WL 2564779 (E.D.Va. June 25, 2008) (same, summarily dismissing for failure to state a claim).

Although Plaintiff lists the collective term "Classification Employees" as the Defendant in the caption of this case, Plaintiff has not indicated a proper party. Such term does not name a "person" who is subject to a claim under 42 U.S.C. § 1983. *See, e.g., Dunbar v. Adedokun*, Case No. 2:12–351–JFA–BHH, 2012 WL 1835328, *2 (D.S.C. April 13, 2012) ("use of a collective term to try to cover everyone in a work group is not proper in § 1983 cases"), *adopted by* 2012 WL 1835272 (D.S.C., May 21, 2012); *Wilson v. Greenville Cty. Det. Admin. and Staff*, Case No. 2:13–cv–199–RMG-BHH, 2013 WL 1703733 (D.S.C. March 27, 2013) (suing "Staff … without naming specific individuals, is not sufficient to state a claim against a 'person' " for purposes of § 1983), *adopted by* 2013 WL 1716430 (D.S.C. Apr. 19, 2013). In the cover letter with the Complaint, Plaintiff indicates he is bringing a "lawsuit on classification officials Headquarters" (DE# 1-1). However, a department, group of buildings, or a facility cannot act under color of state law for purposes of § 1983. *See Martin v. SC Dep't of Corrections HQ*, Case No. 9:11–829–RBH–BM, 2011 WL 1884163, *2 (D.S.C. April 20, 2011), *adopted by* 2011 WL 1882294 (D.S.C. May 18, 2011) (summarily dismissing § 1983 action against "Headquarters" because it failed to sue a "person" who allegedly committed the wrongful conduct).

Although courts liberally construe *pro se* pleadings, a plaintiff must do more than make conclusory statements against unspecified parties to state a plausible claim. *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). A plaintiff must affirmatively state facts indicating that a defendant acted personally in the deprivation of his constitutional rights. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (emphasizing that a plaintiff must plead that each "defendant, through the official's own actions, has violated the Constitution"); *Trulock v. Freeh*, 275 F.3d 391, 402 (4th

Cir. 2001) (in § 1983 actions, "liability is personal, based upon each defendant's own constitutional violations"), *cert. denied*, 537 U.S. 1045 (2002). When a complaint contains no personal allegations against a defendant, that defendant is properly dismissed. *See, e.g., Reaves v. Richardson*, Case No. 4:09–820–TLW–SVH, 2011 WL 2119318, *6 (D.S.C. Mar. 1, 2011), *adopted by* 2011 WL 2112100 (D.S.C., May 27, 2011); *Faltas v. South Carolina*, Case No. 3:11–3077–TLW–SVH, 2012 WL 988105, *4 (D.S.C. Jan. 27, 2012), *adopted by* 2012 WL 988083 (D.S.C. Mar. 22, 2012), *aff'd by* 489 F.App'x 720 (4th Cir. Nov. 26, 2012). Plaintiff's Complaint fails to identify the individuals he actually wishes to sue and fails to allege specific acts by any individual defendant. Plaintiff's Complaint is therefore subject to summary dismissal.

Accordingly, the Magistrate Judge **RECOMMENDS** that the Plaintiff's Complaint (DE# 1) be **summarily dismissed without prejudice** and without issuance and service of process.

**IT IS SO RECOMMENDED.**

January 12, 2017
Charleston, South Carolina

MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

The plaintiff's attention is directed to the **Important Notice** on following page:

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).