IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

Michael A. Breyan, #332098,      )
                                 )
            Plaintiff,           )
                                 )
v.                               )        Civil Action No. 2:17-cv-62-BHH
                                 )
Classification Officials,        )             **ORDER**
                                 )
            Defendants.          )
_____)

This matter is before the Court upon Michael A. Breyan's pro se complaint filed

pursuant to 42 U.S.C. § 1983. In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil

Rule 73.02(B)(2)(a), D.S.C., the matter was referred to a United States Magistrate Judge

for preliminary review.

Plaintiff initially filed this action on January 6, 2017, against unspecified

"Classification Employees," alleging that he was incorrectly classified while incarcerated

at Lieber Correctional Institution in Ridgeville, South Carolina. The Magistrate Judge

issued a report and recommendation ("Report"), recommending summary dismissal based

on Plaintiff's failure to sue a "person" amenable to suit for purposes of § 1983. Plaintiff

failed to file objections to the Report, and he did not request to amend his complaint.

Accordingly, the Court entered an order adopting the Report and summarily dismissing this

action. Subsequently, the Fourth Circuit Court of Appeals remanded the case with

instructions "to allow Breyan to amend his complaint." Thus, the Court entered an order

on June 27, 2017, directing "Plaintiff Michael A. Breyan to file his amended complaint, if

any, no later than 30 days from the entry of this order." (ECF No. 24.)

On July 19, 2017, Plaintiff filed his first post-remand amended complaint. (ECF No.

28.) Like his original complaint, Plaintiff's first amended complaint listed a collective term, "Classification," as the sole Defendant. Given Plaintiff's pro se status and the history of this case, the Magistrate Judge granted Plaintiff another opportunity to amend his pleading to name a person as a Defendant. (ECF No. 31.) The Magistrate Judge specifically instructed Plaintiff to sue an individual person and not an entire department and advised Plaintiff that release from prison is not an available form of relief, nor are cars and houses. (ECF No. 31.)

On September 6, 2017, Plaintiff filed a second amended complaint, again naming Defendant only as "Classification Officials." (ECF No. 35.) Along with his second amended complaint, Plaintiff filed an incorrect and incomplete summons.

On October 17, 2017, the Magistrate Judge entered a Report outlining the history of this case and the recommending that the Court again summarily dismiss this action for failure to state a claim, based on Plaintiff's failure to identify specific individuals as Defendants and his failure to allege specific acts on the part of any individual Defendants. Attached to the Report was a notice advising Plaintiff of his right to file written objections to the Report within fourteen days of receiving a copy. To date, no objections have been filed.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the

Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).  In the absence of specific objections, the Court reviews the matter only for clear error.  *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' ") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Here, because no objections were filed, the Court has reviewed the record, the applicable law, and the findings and recommendations of the Magistrate Judge for clear error.  Finding none, the Court hereby adopts and incorporates the Magistrate Judge's Report (ECF No. 40) and summarily dismisses this action without prejudice and without issuance and service of process.

**AND IT IS SO ORDERED.**

/s/Bruce H. Hendricks
The Honorable Bruce Howe Hendricks
United States District Judge

November 6, 2017
Charleston, South Carolina